UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA LYDELL SMITH<br><br>             Plaintiff,<br><br>   v.<br><br>CORRECTIONAL CORPORATION OF AMERICA, IDAHO DEPARTMENT OF CORRECTION, ASST. WARDEN YOUNG, WARDEN PHILLIP VALDEZ, KATHY RADFORD, T. BERQUIST, B. ARCHIBALD, JAMES QUINN, BRENT D. REINKE, PAM SONNEN, JAMES HARDIGAN, NEILSON, CAROLYN MELINE, ROBIN SANDY, NAYLOR & HAYLES, P.C. | Case No. 1:09-CV-00225-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

      The Court previously dismissed this prisoner civil rights matter without prejudice. (Dkt. 10.) Plaintiff has since filed the following post-judgment motions: a Motion to Alter or Amend under Rule 59(e) of the Federal Rules of Civil Procedure; a "Supplemental Amendment" to his Complaint, construed as a Motion for Leave to Amend; and a Motion for Relief from Judgment under Rule 60(b). (Dkts. 11, 12, & 14.)

      Having reviewed the record and considered Plaintiff's arguments, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# RULE 59(e) MOTION TO RECONSIDER

1. Timeliness

At the time Plaintiff filed his Motion to Alter or Amend, he had 10 days after Judgment to seek reconsideration under the version of Rule 59(e) then in effect. Fed. R. Civ. P. 59(e). The Rule was later amended, however, to extend the deadline to 28 days. *Id*. Newly amended rules of civil procedure will apply to proceedings after the effective date of an amendment unless the court "determines that applying them ... would be infeasible or work an injustice." Fed. R. Civ. P. 86(a)(2).

Plaintiff filed his Motion 16 days after Judgment, but the Court does not find that applying the new 28-day deadline would be infeasible or work an injustice. The Court therefore considers Plaintiff's Rule 59(e) Motion to be timely.

2. Discussion

Reconsideration of a final judgment is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As a result, there are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4)

**MEMORANDUM DECISION AND ORDER - 2**

there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Here, Plaintiff has not claimed that he has new evidence, that the Court made a clear error of fact or law, that a manifest injustice has or will occur, or that there has been a material change in the law. Instead, he repeats many of the same allegations that he had already included in his earlier pleadings. The only substantive difference is that he now provides a list of lawsuits that he contends were dismissed as a result of Defendants' alleged conduct in thwarting his access to the courts, but he presents these facts without demonstrating why he was unable to do so earlier in the litigation. The lawsuits to which Plaintiff refers were filed, and most were dismissed, before he initiated this action, and he had the opportunity to identify them before the case was dismissed.

Accordingly, Plaintiff has not carried his burden to show that the Court should reconsider its Judgment in this matter.

## THE "SUPPLEMENTAL AMENDMENT"

Plaintiff also filed a "Supplemental Amendment" after he "had] been moved to Mini-Cassia Criminal Justice Complex." (Dkt. 12, at 2.) The Court construes this as a Motion for Leave to Amend.

Plaintiff claims that he and other inmates, after having been moved to the new complex, have encountered similar access to courts issues. He has asked the Court to add the following parties as defendants: Minidoka County Sheriffs, County of Minidoka, Cassia County Sheriffs, and the County of Cassia. (Dkt. 12, at 5.)

Plaintiff's request to add entirely new parties and claims at this late juncture arising from his transfer to a different facility will be denied. If Plaintiff has a timely cause of action against new defendants he may bring it in a new lawsuit.

### RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

1. Standard of Law

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a party relief from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

The sixth reason is a "catch-all" provision, which should only be granted "as an equitable remedy to prevent manifest injustice." *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996). Plaintiff must show "both injury and circumstances beyond [his] control [that] prevented timely action to protect [his] interests." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998). A plaintiff's negligence in pursuing his case is not sufficient grounds to justify a remedy under Rule 60(b)(6). *Id*.

2. Discussion

In this Motion, Plaintiff repeats various instances of interference with his right to access the courts and one occasion on which he was punished because he refused to open

**MEMORANDUM DECISION AND ORDER - 4**

his legal mail. As with his Motion to Alter or Amend, these allegations were raised, or could have been raised, before Judgment, and Plaintiff does not claim that there were circumstances preventing him from protecting his interest in a timely fashion. Although he asserts that he was prevented from answering the Court's Initial Review Order with sufficient clarity because he did not have access to a law library or other legal resources, Plaintiff was only required to show how each named defendant's actions or omissions impaired a legal claim or case for which he had a constitutional right to access the courts. Making such factual claims does not require legal research in a law library.

For all of these reasons, Plaintiff's post-judgment motions will be denied.

## ORDER

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Alter or Amend Judgment (Dkt. 11) is DENIED.

2. Plaintiff's "Supplemental Amendment," construed as a Motion for Leave to Amend (Dkt. 12) is DENIED.

3. Plaintiff's Motion from Relief from a Judgment or Order (Dkt. 14) is DENIED.

4. Plaintiff's Motion for Leave to Proceed In Forma Pauperis and for Appointment of Counsel (Dkt. 15) is DENIED, insofar as Plaintiff seeks the appointment of counsel in this dismissed action, and DISMISSED as MOOT to the extent that Plaintiff seeks permission to proceed in forma pauperis in the District Court.



DATED: August 6, 2010

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**